JAMES J. MORGAN v. VERNON A. BOWMAN.

Argued October term, 1927—Decided January 26, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Merritt Lane*.

*Contra, William H. Speer.*

PER CURIAM.

This action was tried in the Morris Circuit, before the court and a jury, and resulted in a verdict for the defendant.

The complainant alleged that in March, 1926, the defendant was in the employ of Belhall Company, the owner of certain property in Mountain Lakes, New Jersey; that the plaintiff, with the knowledge and consent of Belhall Company, employed defendant as agent to negotiate the purchase of the said land, at actual cost price, to Belhall Company, without the addition of any commission charges; that upon the consummation of the purchase the defendant was to sever his connection with the Belhall Company, and was to become associated with the plaintiff in the organization and stock ownership of a corporation to be formed to take over the said land; that the defendant was to become general manager of the corporation in charge of the development and sale of the land; the complaint, therefore, continues with an allegation of fraud in the defendant which presents the gravamen of the suit, in that he represented the cost price of the land to

the Belhall Company was $890,000, when, in fact, it was $801,000 the difference of $89,000 being paid by the Belhall Company to the defendant as commission.

The court charged that the only question for the jury to determine was whether the relationship of the parties was that of principal and agent, and, if so, whether there had been a full disclosure by the plaintiff of the commission paid to the defendant.

The court also charged the jury to eliminate the question of a partner relationship, to which charge the defendant excepted.

The court did not charge upon the question of fraud other than to say that if the relationship of agency existed, it was the duty of the agent to make full and frank disclosure of the receipt of the actual commission paid.

The plaintiff made no request to charge upon the question of fraud, but took an exception to the court's failure to so charge, which exception is reserved from this rule.

The theory upon which the case was tried and submitted presented essentially an issue of fact for the jury to determine, and in the submission of that question and its determination by the jury we perceive no error.

The rule will therefore be discharged.